UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. SMITH, | No. C 05-3822 JSW (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND REQUIRING ELECTION BY PETITIONER ON MIXED PETITION AND INSTRUCTIONS TO CLERK** |
| v. | |
| D. L. RUNNELS, Warden, | |
| Respondent. | (Docket Nos. 5, 6, 7) |

## INTRODUCTION

Michael J. Smith, California prisoner, filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has also filed two motions seeking to proceed *in forma pauperis* (docket nos. 5, 6) which are now GRANTED. On December 2, 2005, Petitioner filed a amended supplemental petition which is now the operative pleading in this matter. The Clerk is directed to file this document in this case as "FIRST AMENDED PETITION." This matter comes before the Court on initial review of the petition, but the Court is unable to issue an order to show cause because of a threshold problem: Petitioner has stated in the amended petition that two of the claims therein were not presented to the California Supreme Court for its consideration. In other words, state judicial remedies as to those claims have not been exhausted. The Court now requires Petitioner to make an election as to how he wants to resolve the problem of his unexhausted claims in this Court.

## BACKGROUND

According to the petition, Petitioner was convicted by a jury in Alameda County Superior Court of multiple crimes and ultimately sentenced to a term of 45 years-to-life

1 incarceration on March 13, 2002. Petitioner appealed his conviction to the California Court of
2 Appeal which affirmed the conviction and the Supreme Court of California denied Petitioner's
3 petition for review in 2004. Petitioner filed the instant petition on September 22, 2005. In his
4 petition, Petitioner notifies the Court that two of the four claims raised has not been
5 presented to the California Supreme Court. Therefore, as Petitioner now has a mixed petition
6 (containing both exhausted and unexhausted claims) pending before this Court, the petition
7 must be dismissed and Petitioner must notify the Court of how he would like to proceed.

## DISCUSSION

The exhaustion requirement requires that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "'the initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). A federal district court must dismiss a habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. at 522. However, the dismissal must be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider those which remain. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000). Also, the court has the power to grant a stay of the federal proceeding while petitioner goes back to state court to exhaust additional claims. *Rhines v. Webber*, 125 S. Ct. 1528, 1535 (2005).

The evidence before the Court indicates that Petitioner did not exhaust his state court remedies as to two of his claims now pending before this Court. Based on Petitioner's assertion that his federal petition contains both exhausted claims and an unexhausted claim, the Court finds that it is a mixed petition. Petitioner cannot go forward in federal court with a mixed petition. *See id.; Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions, see 28 U.S.C. § 2244(d), the Court is reluctant to dismiss a mixed petition (and possibly cause a later-filed petition to be time-barred) without giving Petitioner the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this Court consider the petition. Accordingly, before this action will be dismissed, Petitioner will be given an opportunity to choose whether he wants to:

(1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

(2) terminate this action and complete the exhaustion of his state court claims before filing a new federal petition presenting all of his claims, or

(3) amend his petition to delete the unexhausted claims and request a stay of the proceedings while he completes the exhaustion of his unexhausted claims in the California Supreme Court.

This case will be dismissed with leave to make a choice among the three listed above, that is, amend to delete the unexhausted issues, voluntarily dismiss, or ask for a stay. If petitioner does not amend or ask for a stay, the case will be dismissed without prejudice. If the case is dismissed for failure to amend, or if petitioner voluntarily dismisses the petition, he should note that any new federal petition he might attempt to file would probably be barred by the statute of limitations. However, if Petitioner wishes to ask for a stay he must (1) show good cause for his failure to exhaust these issues earlier; and (2) show that the issues are "potentially meritorious." *Rhines*, 125 S. Ct. at 1535.

Petitioner is warned that if he chooses option (1), to delete the unexhausted issue and proceed now with the one which is exhausted, a subsequent petition directed to the same conviction (for instance, attempting to raise the now-unexhausted conflict of interest claim) might be barred as second or successive or abusive. *See* 28 U.S.C. § 28 U.S.C. 2244(b)(1); *Lundy*, 455 U.S. at 521. He also would have to obtain permission from the Ninth Circuit Court of Appeals to file such a second petition. *See* 28 U.S.C. § 2244(b)(3)(A).

3

If he chooses option (2), to dismiss this case and return later with a completely exhausted petition, that petition may be barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for collateral review (such as a state habeas petition) is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). Depending on when direct review was completed; possible application of another starting date for the statute of limitations; when any applications for collateral review, such as state habeas petitions, were filed; and when a new federal petition is filed, a new petition might be barred. The time a federal petition, such as this one, is pending is *not* excluded from the one-year limit. *Duncan v. Walker*, 121 S. Ct. 2120, 2129 (2001).

If he chooses option (3), the Court will determine whether a stay is warranted in this case. If such a stay is granted, he must act diligently to file in the California Supreme Court and to obtain a decision from the California Supreme Court on his unexhausted claim. Under such a stay, the case would be administratively closed and Petitioner would have until thirty days after the California Supreme Court's final decision on his unexhausted claims to file an amended petition re-asserting those claims in this Court. *See Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003). Further, under option (3), this federal action stalls: this Court will do nothing further to resolve the action while petitioner is diligently seeking relief in the California Supreme Court. And, Petitioner must act with diligence: if he fails to diligently seek relief in the California Supreme Court or fails to diligently return to this Court, his action may be dismissed for failure to prosecute.

## MOTION FOR COUNSEL

Petitioner has also filed a motion seeking appointment of counsel (docket no. 7). The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), a district court is authorized to appoint counsel to represent a financially eligible habeas petitioner when "the court determines that the interests of justice so require." However, in this case, no evidentiary hearing appears necessary at this time, and the Court notes that Petitioner has presented his claims adequately in the petition. Accordingly, the interests of

4

justice do not require appointment of counsel at this time, and Petitioner's request is DENIED without prejudice (docket no. 7).

### CONCLUSION

For the foregoing reasons, the court now dismisses this case with leave to amend or request a stay. Petitioner must serve and file any such amendment or motion for stay no later than thirty days from the date of this order. If Petitioner fails to timely comply with this order, this action will be dismissed without further leave to amend.

IT IS SO ORDERED.

DATED:     April 18, 2006

JEFFREY S. WHITE
United States District Judge